(Hamilton County Common Pleas.)

JOHN LACKER v. CHARLES EWALD

An infant is responsible for his own torts, and a father can not be held for the independent wrong of its child, but the father is liable if he was in any way connected with the infant's doing wrong, either actively or passively.

SPIEGEL, J.

The demurrer must be sustained. The general rule is that an infant is responsible for his own torts, and that a father can not be held for the independent wrong of his child, but the father is liable if he was in any way connected with the infant's wrongdoing, either actively or passively.

In this case the petition charges the infant with wilfully and maliciously shooting and killing a taxed and licensed dog, the gun having been carelessly and negligently left exposed by the father, by reason of which the infant, without any participation of the father, got hold of the gun.

Negligence is defined as follows by Shearman and Redfield: "Negligence constituting a cause of civil action is such an omission by a responsible person, to use that degree of care, diligence and skill, which it was his legal duty to use for the protection of other person from injury as, in a natural and continuous sequence causes unintended damage to the latter."

Was the exposure of the gun such a natural and continuous sequence, uninterruptedly connecting the breach of duty with the damage, as cause and effect? I do not think so, and the demurrer must be sustained.